# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 26, 2013

No. 12-41226
Summary Calendar

Lyle W. Cayce
Clerk

KATIE MAPLES,

Plaintiff - Appellant

v.

UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:10-CV-552

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Katie Maples filed a complaint against the University of Texas Medical Branch at Galveston ("UTMB") alleging that UTMB failed to accommodate her Attention Deficit Hyperactivity Disorder ("ADHD") in violation of the Rehabilitation Act, 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131-34. In a thorough, well-reasoned opinion, the district court granted summary judgment in favor of UTMB, finding that UTMB

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-41226

had reasonably accommodated Maples's disability and that her ADHD was not a motivating factor in her dismissal from the physician assistant program. We AFFIRM.

## I.

Maples was a student in the UTMB physician assistant program from the Fall of 2008 until her dismissal from the program following the Spring 2010 semester. Prior to starting the UTMB program, Maples had been diagnosed with ADHD and took medication to control the disorder. She did not seek an ADA accommodation from UTMB until she received a "C" in a course during her first semester. After the grade was finalized, Maples submitted a written request to Dr. Jeff Baker, UTMB's ADA liaison, asking that she "be allowed more time to take [her] examinations and given a distraction free environment to do so." Baker granted the accommodation request two days later.

Maples, however, received a "C" in another course during her second semester despite the accommodation. The course grade primarily was determined through her performance on five exams, on which she received an 86, 80, 70, 72, and 82. Maples informed Baker that a UTMB doctor refused to fill her prescription after she took the first three exams, which she felt impacted her scores on the final two. She sought permission from the professor and the department chair to retake the exams or write a paper for extra credit. Her requests were denied.

Finally, in the Spring of 2010, Maples received an "F" in a course due in large part to her failure to submit a paper worth 30 percent of her final grade. E-mail correspondence shows that she took responsibility for her failure to submit the paper, and at no point did she contend that her failure to do so was attributable to her ADHD. The faculty subsequently voted to dismiss Maples from the physician assistant program, and the requisite UTMB committee agreed with the faculty's recommendation. As such, Maples was dismissed from

No. 12-41226

the program on May 6, 2010. After exhausting UTMB's administrative appeal process, Maples filed the instant complaint seeking her reinstatement. The district court granted summary judgment in favor of UTMB, and Maples timely appealed.

## II.

We review the district court's decision granting summary judgment *de novo*, applying the same standards as the trial court. *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 221 (5th Cir. 2011). "Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* We can affirm a grant of summary judgment "on any grounds supported by the record." *Lifecare Hosp., Inc. v. Health Plus of La., Inc.*, 418 F.3d 436, 439 (5th Cir. 2005).

We hold that the district court properly granted summary judgment in favor of UTMB because Maples failed to produce evidence showing that she was dismissed from the physician assistant program due to her disability.[1] This is true even under the more lenient causation standard applicable to Maples's ADA claim.[2] "Under the ADA, 'discrimination need not be the sole reason for the adverse employment decision, [but] must actually play a role in the employer's decision making process and have a determinative influence on the outcome.'" *Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 503 (5th Cir. 2002) (quoting *Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 835 (5th Cir. 2000)). To meet the ADA standard, Maples was required to demonstrate that discrimination against her

---

[1] We assume without deciding that Maples is disabled for purposes of the ADA and Rehabilitation Act, and that she is qualified to participate in the physician assistant program.

[2] *Soledad v. U.S. Department of Treasury* determined that the causation standard under the Rehabilitation Act is more stringent than the ADA. 304 F.3d 500, 504 (5th Cir. 2002) ("The plain language of § 794(a) clearly requires the use of a 'solely because of' form of causation."). Because Maples fails to meet the ADA standard, we need not address UTMB's claim of sovereign immunity.

No. 12-41226

due to her ADHD was a "motivating factor" in her dismissal. *Pinkerton v. Spellings*, 529 F.3d 513, 519 (5th Cir. 2008) (internal quotation marks omitted).

As the district court stated, and the record clearly shows, UTMB granted Maples's reasonable accommodation request for her ADHD, "more time to take [her] examinations and [to be provided with] a distraction free environment [for her exams]." Moreover, the record shows that she received her lowest exam grade, a 70, under the requested test conditions while taking her ADHD medication. No evidence suggests that UTMB's refusal to grant Maples's request to complete additional, extra credit assignments was motivated by discrimination against her due to her ADHD. Furthermore, the faculty recommended dismissing Maples due to the "F" she received for not submitting the final paper in a course. Indeed, the faculty did not mention her prior "C" grades in making its recommendation. And, Maples took full responsibility for failing to submit the paper on time and never suggested that her failure was caused by her ADHD.

Maples has not produced evidence demonstrating that her dismissal from UTMB's physician assistant program was motivated by discrimination in any form. The judgment of the district court is

AFFIRMED.